MARTIN GLOTZER, Plaintiff-Appellee, v. ANNA MABEL SHELDON, Admr. of the Estate of Charles E. King, Deceased, Defendant-Appellant.

(No. 56272;

First District (4th Division)—July 11, 1973.

*Rehearing denied September 11, 1973.*

Ader & Ader, of Chicago, (Zeamore A. Ader, of counsel,) for appellant.

Arthur Aaron Ellis and Morris W. Ellis, both of Chicago, (Ellis and Ellis, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Martin Glotzer, brought an action against Anna Mabel Sheldon, Administrator of the Estate of Charles E. King, deceased, for assault. At the conclusion of the trial, after both sides had rested, the trial court sustained plaintiff's motion for a directed verdict on the question of liability. The jury rendered a verdict in favor of the plaintiff in the amount of $25,500. On appeal defendant contends:

    (1) The trial court erred in its rulings on the admission of evidence; and

    (2) The trial court erred in granting plaintiff's motion for a directed verdict.

On April 12, 1965, Richard E. Turner and the plaintiff visited Charles E. King at 960 West Chicago Avenue. Turner, a witness for the plaintiff, testified that while he was in King's dark office he heard a scream behind him and plaintiff told him to look out because King had a knife. Turner testified that King began stabbing at the plaintiff. Plaintiff was taken to the hospital and treated for puncture wounds.

██ Defendant's first contention on appeal is that the trial court erred in its rulings on the admission of evidence. Defendant contends that the trial court erred in overruling her objection to plaintiff's treating physician using the word "stab" in referring to plaintiff's wounds. The word "stab" is a commonly used word in describing a knife wound and its use did not prejudice the defendant. Defendant also contends that the trial court erred in overruling her objection to Dr. Kirstein's testimony that plaintiff told him that he was stabbed by one of his partners. Richard Turner, an eyewitness to the alleged assault, testified earlier that he saw King stab the plaintiff. In light of Turner's testimony, Dr. Kirstein's statement was merely cumulative and therefore the admission of this statement over defendant's objection was not a prejudicial error. We have reviewed the record concerning the other rulings and statements made by the trial court which defendant complains of and find that they do not constitute prejudicial error.

██ Defendant's second contention on appeal is that the trial court erred in granting plaintiff's motion for a directed verdict. Defendant maintains that the plaintiff had the burden of proving his allegation that intestate, King, stabbed plaintiff without reasonable cause or provocation. Turner, who was present at the scene of the altercation, testified that there was a scuffle and he heard plaintiff warn him to look out because King was going to kill him. There is no question that plaintiff was stabbed. There is no evidence that plaintiff gave intestate any cause or provocation for stabbing him. We conclude that the plaintiff proved all the elements of his case by a preponderance of the evidence and that

the trial judge was justified in sustaining plaintiff's motion for a directed verdict on the question of liability.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.